EVERSHEDS SUTHERLAND (US) LLP
  Ian S. Shelton (CA Bar No. 264863)
  (ianshelton@eversheds-sutherland.com)
500 Capitol Mall, Suite 2350
Sacramento, CA 95814
Telephone:  (916) 844-2965
Facsimile:   (916) 241-0501

Attorney for Defendant DBS Bank Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| EASY SPIRIT LLC, | NO. 2:19−cv−07290 GW (AFMx) |
|---|---|
| Plaintiff, | The Honorable George H. Wu |
| vs. | **DEFENDANT DBS BANK LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO THE *FORUM NON CONVENIENS* DOCTRINE AND RULE 12(B)(6)** |
| DBS BANK LTD., and DOES 1 to 10, | |
| Defendants. | |

Hearing Date:   November 25, 2019
Hearing Time    8:30 a.m.

Courtroom:   9D
Address:      U.S. Courthouse
             350 W. First Street
             Los Angeles, CA 90012

MOTION TO DISMISS

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on November 25, 2019, at 8:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at Courtroom 9D of the United States Courthouse 350 W. First Street, Los Angeles, CA 90012, Defendant DBS Bank Ltd. ("DBS Bank") will move this Court to dismiss the complaint filed by Plaintiff Easy Spirit LLC ("Easy Spirit") pursuant to the *forum non conveniens* ("FNC") doctrine. Easy Spirit should have filed this lawsuit in Hong Kong because the dispute arises from an Irrevocable Standby Letter of Credit ("LC") issued by the ***Hong Kong branch*** of DBS Bank. Dkt. 1, Ex. A at 10.[1] California has no connection to this dispute. *Id.* at 11-12. The Los Angeles representative office of DBS Bank—the only representative office located in the United States—did not issue or confirm the LC or take any other action related to it. *Id.* at 11. The following twelve factors weigh strongly in favor of the Court dismissing the complaint pursuant to the FNC doctrine:

1. The LC was issued by the Hong Kong branch of DBS Bank. *Id.* at 11.

2. The LC was available with the Hong Kong branch and payment was to be made by the Hong Kong branch. *Id.* at 11-12.

3. Pursuant to California law and Uniform Commercial Code ("UCC") § 5-116(b), all disputes related to the LC are governed by Hong Kong law and that foreign jurisdiction's interpretation of the Uniform Customs and Practice for Documentary Credits, 2007 Revision, International Chamber of Commerce Publication No. 600 ("UCP") shall apply. *Id.* at 10.

4. The LC required submission of documents supporting each presentation to the Hong Kong branch, and all relevant documents and

---

[1] Citations to page numbers of Exhibits A-D of the complaint reference the PDF page numbers of Dkt. 1.

witnesses of DBS Bank are located in Hong Kong. *Id.* at 12.

5. Easy Spirit does not reside in California. Dkt. 1 ¶ 1.

6. California is an inconvenient forum because no relevant evidence, documents, or witnesses are located in California. *Id.*, Ex. A at 11-12.

7. The Court does not have subpoena power over out-of-state or foreign witnesses (including party witnesses), and the cost of voluntarily bringing such witnesses to trial (assuming they agree to appear) is disproportionate to the $350,000 amount in controversy. *See id.*

8. California has no local interest in this dispute, and the utterly tangential relationship of this dispute to California makes the imposition of the burden of this case on California jurors, courts, and taxpayers inappropriate. *Id.* at 11.

9. Hong Kong has a well-respected legal system and is regularly found to be an adequate alternative forum by United States federal courts. Declaration of Michael Yiu Hong Yau ("Yau Decl.") ¶¶ 6-8.

10. The Hong Kong legal system regularly adjudicates commercial disputes regarding letters of credit, has adopted English as an official language for court proceedings, and will provide sufficient remedies to redress Easy Spirit's alleged injuries. *Id.* at ¶ 6.

11. The courts of Hong Kong are less congested than the courts of the Central District of California and final disposition of this action in Hong Kong may well be quicker than in this Court. *Compare id.* at ¶ 12, *with* Declaration of Ian S. Shelton ("Shelton Decl.") ¶ 2.

12. DBS Bank is amenable to process in Hong Kong and consents to (1) enter an appearance, (2) submit to the jurisdiction of the Hong Kong courts, and (3) satisfy any final judgment rendered against it by the Hong Kong courts.

For these reasons, the Court should dismiss the case without prejudice under the

FNC doctrine, subject to the conditions stated in item 12 above.

In the alternative, if the Court does not grant the motion to dismiss under the FNC doctrine, DBS Bank seeks dismissal of Easy Spirit's second count for breach of the implied covenant of good faith and fair dealing ("implied covenant claim"). Dkt. 1 ¶¶ 31-34. The Court should dismiss the implied covenant claim because Easy Spirit pleads that California law does *not* apply to this dispute, and the claim is incompatible with the UCP and Hong Kong law. *Id.* at ¶ 27. Hong Kong courts applying the UCP have recognized the principle of strict compliance, meaning an issuing bank is entitled to reject a document where it raises on its face some uncertainty that cannot be readily resolved. Yau Decl. ¶ 11. Easy Spirit's implied covenant claim is incompatible with the "strict compliance" standard adopted by the Hong Kong courts. *See id.* If the Court retains jurisdiction over this case, the only plausible claim is Easy Spirit's first count for breach of contract, which must be assessed under the UCP as interpreted by the Hong Kong courts. To the extent that the implied covenant claim is coextensive with the breach of contract claim, it should be dismissed as duplicative.

This Motion is being made following the conference of counsel, pursuant to L.R. 7-3, via email and phone on or before October 22, 2019. Shelton Decl. ¶ 3. The parties were unable to voluntarily resolve the issues raised by this Motion.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Michael Yiu Hong Yau; the Declaration of Ian S. Shelton; the pleadings and other papers on file in this action; and such other declarations, evidence, and arguments as may be presented before or at the hearing.

DATED:   October 24, 2019          EVERSHEDS SUTHERLAND (US) LLP


By */s/ Ian S. Shelton*
  Ian S. Shelton

Attorney for Defendant DBS Bank Ltd.

MOTION TO DISMISS

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES..............................................1

FACTUAL BACKGROUND ...................................................................2

ARGUMENT......................................................................................4

I.    THE COURT SHOULD DISMISS THE CASE PURSUANT TO THE *FORUM NON CONVENIENS* DOCTRINE......................................................4

    A.   Hong Kong Is An Adequate Alternative Forum for this Dispute............5

    B.   Easy Spirit's Choice of Forum is Entitled to Minimal Deference..........7

    C.   The Private Interest Factors Support the Hong Kong Forum.................8

    D.   The Public Interest Factors Support the Hong Kong Forum................10

    E.   As a Condition of Dismissal, DBS Bank Agrees to Submit to the Jurisdiction of the Hong Kong Courts...................................................14

II.   IN THE STRICT ALTERNATIVE, THE COURT SHOULD DISMISS THE SECOND CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ...........14

    A.   The Court Should Dismiss the Implied Covenant Claim because it is Incompatible with the UCP and Hong Kong Law ........................14

    B.   The Court Should Dismiss the Implied Covenant Claim because it is Duplicative of the Breach of Contract Claim..............................15

III.  THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1 THROUGH 4 IN SUPPORT OF THIS MOTION .......................................16

CONCLUSION ..................................................................................16

# TABLE OF AUTHORITIES

**Page**

CASES

*Agosta v. Astor*, 120 Cal. App. 4th 596 (2004)........................................................17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................................17

*Avidity Partners, LLC v. State of Cal.*, 221 Cal. App. 4th 1180 (2013) ...................17

*Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945 (9th Cir. 2017) ....................... 4, 5, 9, 10, 12

*Bionghi v. Metro. Water Dist.* of S. Cal., 70 Cal. App. 4th 1358 (1999)...................19

*Boston Telecomm. Grp., Inc. v. Wood*, 588 F.3d 1201 (9th Cir. 2009) ..................... 9

*Capri Trading Corp. v. Bank Bumiputra Malaysia Berhad*, 812 F. Supp. 1041 (N.D. Cal. 1993) ..................................................................................... 7

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371 (1990) ...........18

*Chan Tse Ming v. Cordis Corp.*, 704 F. Supp. 217 (S.D. Fla. 1989)......................... 8

*Chuidian v. Philippine Nat'l Bank*, 976 F.2d 561 (9th Cir. 1992)...........................13

*Constellation Energy Commodities Grp. Inc. v. Transfield ER Cape Ltd.*, 801 F. Supp. 2d 211 (S.D.N.Y. 2011) ................................................................ 6

*Cook v. Champion Shipping AS*, 463 F. App'x 626 (9th Cir. 2011)......................... 7

*de Borja v. Razon*, No. 3:18-CV-01131-YY, 2019 WL 4724317 (D. Or. Aug. 16, 2019), *report and recommendation adopted*, No. 3:18-CV-01131-YY, 2019 WL 4723070 (D. Or. Sept. 25, 2019)...........................................4, 9

*Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs., Inc.*, 949 F. Supp. 1123 (S.D.N.Y. 1997) ...................................................................... 8

*Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809 (1979)......................................17

*Gambra v. Int'l Lease Fin. Corp.*, 377 F. Supp. 2d 810 (C.D. Cal. 2005)................15

*Gates Learjet Corp. v. Jensen*, 743 F.2d 1325 (9th Cir. 1984) ...............................15

*Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088 (9th Cir. 1998) .....................................................................................................9, 10

*Gutierrez v. Advanced Med. Optics, Inc.*, 640 F.3d 1025 (9th Cir. 2011) ................ 6

*Guz v. Bechtel Nat'l Inc.*, 24 Cal.4th 317 (2000)....................................................17

*In re Ex Parte Application of Jommi*, No. C 13-80212 CRB (EDL), 2013 WL 6058201 (N.D. Cal. Nov. 15, 2013) ................................................................19

MOTION TO DISMISS

*Indus. Bank of Korea v. ASI Corp.*, No. CV 17-7646-MWF (JPRx), 2018 WL 6164317 (C.D. Cal. Oct. 4, 2018) ................................................................ 7

*Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127 (E.D. Cal. 2013) .......................17

*Kinjo v. Champion Shipping AS*, No. 2:09-CV-03603 FCD/DAD, 2010 WL 3069343 (E.D. Cal. Aug. 4, 2010)................................................................ 7

*Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001) ...................................... 6

*Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949 (9th Cir. 1968)........................ 9

*Pyrenee, Ltd. v. Wocom Commodities, Ltd.*, 984 F. Supp. 1148 (N.D. Ill. 1997) .................................................................................................................. 8

*Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015) ................................................10

*Royal Bank of Canada v. Hang Lung Bank Ltd.*, No. 90 Civ. 5997 (TPG), 1991 WL 198664 (S.D.N.Y. Sept. 25, 1991)...................................................15

*S. China Cosmetics (HK) Ltd. v. Steiner Leisure Ltd.*, No. 12 CV 5543 HB, 2013 WL 25925 (S.D.N.Y. Jan. 2, 2013) ...................................................7, 16

*Shanahan v. Vallat*, No. 03 Civ. 3496 (MBM), 2004 WL 2937805 (S.D.N.Y. Dec. 19, 2004) .................................................................................. 7

*Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035 (9th Cir. 2010) .......16

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007).........

*So Sau Lai Connie t/a Wing Fung Trading Co. v. DBS Bank (Hong Kong) Ltd.*, [2017] HKCU 82 ..........................................................................14, 19

*Steiner v. Thexton*, 48 Cal.4th 411 (2010) ..............................................................18

*Svenson v. Google Inc.*, 65 F. Supp. 3d 717 (N.D. Cal. 2014) ................................18

*United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733 (N.D. Cal. 2015) .................................................................................... 9

*Yung v. Lee*, No. 00 CIV.3965 DAB, 2002 WL 31008970 (S.D.N.Y. Sept. 5, 2002) ...............................................................................................16

## STATUTES

Cal. Uniform Commercial Code § 5-116(b) ............................................... i, ii, 1, 13

Fed R. Civ. P. 12(b)(6)..............................................................................................16

Fed. R. Civ. P. 44.1..................................................................................................18

Fed R. Civ. P. 45(c) .................................................................................................11

MOTION TO DISMISS

UCP, Art. 4(a)................................................................................................................16

UCP, Art. 14(a)........................................................................................................11, 16

UCP, Art. 16(a)..............................................................................................................16

MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

DBS Bank respectfully requests that the Court dismiss Easy Spirit's complaint pursuant to the FNC doctrine because the LC was issued by the Hong Kong branch of DBS Bank and any lawsuit regarding that LC should have been filed in Hong Kong—where the issuing branch of the bank is located.

The FNC factors overwhelmingly favor venue in Hong Kong rather than the Central District of California.  Hong Kong courts repeatedly have been recognized as an adequate alternative forum to adjudicate commercial disputes.  Easy Spirit's choice of forum in the Central District of California is entitled to minimal deference, because Easy Spirit is not a resident of California and California has no local interest in this dispute.

The private and public interest factors strongly weigh against this Court exercising its discretion to retain jurisdiction over this foreign dispute.  No relevant witnesses reside in California, and no relevant documents are located here.  Easy Spirit is not a resident of California.  The only reason that Easy Spirit sued DBS Bank in the Central District of California is because the sole United States representative office of DBS Bank—which did ***not*** issue or confirm the LC at issue—is located in Los Angeles.  Because the Hong Kong branch issued the LC, California law recognizes that the Hong Kong courts have jurisdiction and Hong Kong law applies to this LC dispute.  *See* Cal. UCC § 5-116(b) ("For the purpose of *jurisdiction*, *choice of law*, and recognition of interbranch letters of credit, but not enforcement of a judgment, *all branches of a bank are considered separate juridical entities* and a bank is considered to be located at the place where its relevant branch is considered to be located under this subdivision.") (emphasis added).

In contrast to the Central District of California, Hong Kong has a substantial local interest in this dispute.  The Hong Kong branch of DBS Bank issued the letter of credit.  The documents for each of Easy Spirit's presentations under the LC were submitted to DBS Bank in Hong Kong.  The employees of DBS Bank with

-1-
MOTION TO DISMISS

percipient knowledge of those presentations are located in Hong Kong. DBS Bank's decisions to reject the presentations were made in Hong Kong. The LC is governed by the UCP as interpreted by the Hong Kong courts. Because California has no local interest in the subject matter of this dispute, there is no reason to litigate this matter in the Central District of California.

In the alternative, if the Court declines to dismiss the complaint under the FNC doctrine, DBS Bank seeks dismissal of Easy Spirit's implied covenant claim because it fails to state a cognizable legal theory under the UCP and Hong Kong law, which requires "strict compliance" with the terms of the LC. To the extent Easy Spirit is not relying on its implied covenant claim to alter or expand DBS Bank's obligations under the UCP, the Court should dismiss the implied covenant claim as duplicative of the breach of contract claim asserted directly under the UCP.

## FACTUAL BACKGROUND

On March 17, 2017, the Hong Kong branch of DBS Bank originally issued LC No. 807-02-0011956, in the aggregate amount not exceeding $350,000, to applicant GRI Accessories (HK) Ltd., ("GRI"), "a Hong Kong corporation that operates an apparel and accessories brand-management and retail distribution network in the Asian region." Dkt. 1 ¶¶ 6, 8. The beneficiary of the LC is identified as Easy Spirit with an address in Greenwich, Connecticut. *Id.*, Ex. A at 10. The applicant is identified as GRI with an address in Hong Kong. *Id.* The LC covered "THE PURCHASE OF FOOTWEAR AND ACCESSORIES OF EASY SPIRIT LLC." *Id.* at 12-13. While the LC does not contain a forum selection clause, it does contain a choice of law clause stating that the LC is subject to the UCP. *Id.* at 10.

The LC credit was "AVAILABLE WITH DBS BANK LTD, HONG KONG BRANCH, HONG KONG BY PAYMENT AT OUR COUNTER AGAINST BENEFICIARY'S DRAFTS DRAWN AT SIGHT ON DBS BANK LTD, HONG KONG BRANCH, HONG KONG . . . . ." *Id.* at 11.

The LC required that any presentation was accompanied by certain

MOTION TO DISMISS

documents and satisfied certain conditions. *Id.* at 11-12. For example, the LC required that any presentation include copies of purchase orders from the applicant, copies of unpaid invoices resulting from orders, and a statement duly signed by an authorized officer of the beneficiary in one original stating that the applicant failed to settle the amount of the value of the invoices within 60 days from the date of said invoices, indicating the LC number and unpaid value. *Id.*

The documents constituting the presentation were required to be forwarded through the presenting bank to the Hong Kong branch located at "8th FLOOR, ONE ISLAND EAST, 18 WESTLANDS BROAD, ISLAND EAST, HONG KONG, ATTN: TRADE RP-OBP SECTION." *Id.* at 12.

The original LC was due to expire on March 16, 2018. *Id.* at 14. On January 12, 2018, the Hong Kong branch amended the LC to extend the expiration date from March 16, 2018 until March 15, 2019. *Id.*

The beneficiary Easy Spirit—a Delaware limited liability company with its principal place of business in Connecticut—made several presentations seeking payment under the LC between August 2018 and March 2019. Dkt. 1 ¶¶ 1, 13-24. In each case, pursuant to the express terms of the LC, the presentation documents were routed to the Hong Kong branch. The Hong Kong branch rejected the presentations due to discrepancies in the documents that justified rejection under the UCP and/or the terms of the LC. *Id.*, Ex. B at 18, Ex. C at 22, Ex. D at 24. Strictly by way of example, the Hong Kong branch found discrepancies in the beneficiary statements, commercial invoices, and purchase orders submitted in connection with the presentations, among other discrepancies. *See id.*

Because Easy Spirit did not submit a complying presentation by March 15, 2019, the Hong Kong branch did not make a payment under the LC to Easy Spirit. Dkt. 1 ¶ 24. On August 22, 2019, Easy Spirit sued DBS Bank in the Central District of California, asserting claims for breach of contract and breach of the implied covenant. *Id.* at ¶¶ 25-34. Easy Spirit admits that the breach of contract claim is

-3-
MOTION TO DISMISS

"subject to the UCP," but it does not identify which law allegedly governs the implied covenant claim. *Compare id.* at ¶ 26 (first count), *with* ¶¶ 31-34 (second count).

## ARGUMENT

## I.    THE COURT SHOULD DISMISS THE CASE PURSUANT TO THE *FORUM NON CONVENIENS* DOCTRINE

"Federal district courts have discretion to dismiss an action under the doctrine of *forum non conveniens*" if a claim is more appropriately brought in a foreign jurisdiction.  *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 948 (9th Cir. 2017). Dismissal is appropriate if DBS Bank establishes "(1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal."  *Id.*  Discovery is not necessary for the Court to decide an FNC motion.  *de Borja v. Razon*, No. 3:18-CV-01131-YY, 2019 WL 4724317, at \*5 (D. Or. Aug. 16, 2019), *report and recommendation adopted*, No. 3:18-CV-01131-YY, 2019 WL 4723070 (D. Or. Sept. 25, 2019).

The private interest factors are: "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Ayco Farms,* 862 F.3d at 950 (internal quotation marks omitted).

The public interest factors are "(1) [the] local interest of [the] lawsuit; (2) the court's familiarity with governing law; (3) [the] burden on local courts and juries; (4) [the amount of] congestion in the court; and (5) the costs of resolving a dispute unrelated to [the] forum."  *Id.*

In *Ayco Farms*, the Ninth Circuit addressed two additional issues regarding the operation of the FNC doctrine that are relevant to this Motion.  First, this Court

does not err by comparing the benefits and burdens of litigation in Hong Kong and California and not the benefits and burdens of litigation in Hong Kong and the United States as a whole. *Id.* at 949. Second, Easy Spirit's choice of forum in California is entitled to minimal deference because it does not reside in California. *Id.* at 949-50.

The Court's decision granting dismissal under the FNC doctrine "may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Id.* at 948. The Court need not resolve issues of subject matter or personal jurisdiction if it determines that, in any event, the Hong Kong court system is plainly the more suitable arbiter of the merits of the case. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 435-36 (2007) ("But where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course.").

### A.    Hong Kong Is An Adequate Alternative Forum for this Dispute

"An alternative forum ordinarily exists when defendants are amenable to service of process in the foreign forum and when the entire case and all parties can come within the jurisdiction of that forum." *Gutierrez v. Advanced Med. Optics, Inc.*, 640 F.3d 1025, 1029 (9th Cir. 2011) (internal quotation marks omitted). "An alternative forum is adequate if the intended forum is capable of providing the plaintiff with a sufficient remedy for his wrong." *Id.* (internal quotation marks omitted). It is only in "rare circumstances" that this requirement is not met. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001).

DBS Bank has met its burden of establishing that Hong Kong is an adequate alternative forum to address this commercial dispute about a letter of credit. The

Hong Kong branch of DBS Bank that issued the LC is within the jurisdiction of Hong Kong and subject to service.  Yau Decl. ¶ 8.

Hong Kong law provides sufficient remedies to redress Easy Spirit's alleged injuries.  Yau Decl. ¶ 6.  Hong Kong law recognizes claims under the UCP to enforce letters of credit, and the damage remedy sought by Easy Spirit is available under Hong Kong law.  *Id.; see also Constellation Energy Commodities Grp. Inc. v. Transfield ER Cape Ltd.*, 801 F. Supp. 2d 211, 220 (S.D.N.Y. 2011) (finding Hong Kong to be an adequate alternative forum even if "Hong Kong may or may not provide remedies identical to those available in New York").

The overwhelming weight of authority both inside and outside this circuit establishes that Hong Kong is an adequate alternative forum in which to adjudicate Easy Spirit's claim for breach of the LC.  *See Cook v. Champion Shipping AS*, 463 F. App'x 626, 627 (9th Cir. 2011) ("Upon review, we conclude that the district court did not clearly abuse its discretion in either determining that Hong Kong is an adequate alternative forum in which to adjudicate Plaintiff's claims, or that the balance of private and public factors favors dismissal."); *see also Indus. Bank of Korea v. ASI Corp.*, No. CV 17-7646-MWF (JPRx), 2018 WL 6164317, *11 (C.D. Cal. Oct. 4, 2018) ("Certainly, Hong Kong courts would be more than capable of resolving Plaintiffs' dispute with NTL."); *S. China Cosmetics (HK) Ltd. v. Steiner Leisure Ltd.*, No. 12 CV 5543 HB, 2013 WL 25925, *4 (S.D.N.Y. Jan. 2, 2013) ("As Defendants point out, the courts in this Circuit have previously held that Hong Kong is an adequate forum for contract and tort actions."); *Kinjo v. Champion Shipping AS*, No. 2:09-CV-03603 FCD/DAD, 2010 WL 3069343, *8 (E.D. Cal. Aug. 4, 2010) (concluding that "Hong Kong is an adequate alternative forum and that the balance of private and public factors weigh heavily in favor of dismissal on the basis of *forum non conveniens*"); *Shanahan v. Vallat*, No. 03 Civ. 3496 (MBM), 2004 WL 2937805, *10 (S.D.N.Y. Dec. 19, 2004) ("courts in this district have found Hong Kong to be an adequate alternative forum for litigation of commercial

disputes"); *Capri Trading Corp. v. Bank Bumiputra Malaysia Berhad*, 812 F. Supp. 1041, 1044 (N.D. Cal. 1993) (finding that Hong Kong is an adequate alternative forum and dismissing action on FNC grounds notwithstanding the possible unavailability of a RICO claim in Hong Kong); *Chan Tse Ming v. Cordis Corp*., 704 F. Supp. 217, 219 (S.D. Fla. 1989) ("It also appears that Hong Kong is an adequate alternative forum for this litigation.").

Courts have found Hong Kong to be an adequate alternative forum even in the wake of Hong Kong's reversion to China, particularly for commercial disputes such as this one. *See Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs., Inc*., 949 F. Supp. 1123, 1129 (S.D.N.Y. 1997) (observing that Hong Kong "is a sister common law jurisdiction with procedures akin to our own"); *Pyrenee, Ltd. v. Wocom Commodities, Ltd*., 984 F. Supp. 1148, 1162–63 (N.D. Ill. 1997) (similar).

**B.      Easy Spirit's Choice of Forum is Entitled to Minimal Deference**

Here, Easy Spirit did not choose its home forum when choosing to sue DBS Bank in the Central District of California.  Easy Spirit is a Delaware entity with its principal place of business in Connecticut.  Dkt. 1 ¶ 1.  The only reason Easy Spirit filed suit in California is because the sole representative office of DBS Bank in the United States is found in Los Angeles.  However, the Los Angeles representative office of DBS Bank was not the issuing bank or the confirming bank for the LC at issue, and the Los Angeles representative office did not otherwise have anything to do with the LC.  *Id.*, Ex. A at 11.

Easy Spirit's choice of forum should be given minimal deference by the Court for two reasons: (1) California lacks any significant contact with the activities alleged in Easy Spirit's complaint; and (2) Easy Spirit is not a resident of California.

As to the first reason, "where the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum." *United Tactical Sys.*

*LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 751 (N.D. Cal. 2015); *see Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998) ("noting that plaintiff's choice of forum 'is entitled to only **minimal consideration**' when 'the forum of original selection ... has no particular interest in the parties or subject matter'") (emphasis added) (quoting *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)).

As to the second reason, United States citizens suing in a state other than their state of residence "deserve … less deference than citizens suing in their state of residence." *de Borja*, 2019 WL 4724317, at *7 (citing *Boston Telecomm. Grp., Inc. v. Wood*, 588 F.3d 1201, 1207 (9th Cir. 2009)); *see also Ayco Farms*, 862 F.3d at 950 ("A U.S. citizen plaintiff is entitled to less deference in his choice of forum if he does not reside in that forum."); *Gemini Capital*, 150 F.3d at 1091 (giving less deference to U.S. citizens' choice of Hawaii forum because they were not Hawaii residents).

Easy Spirit's choice of forum is entitled to minimal deference here, because California lacks any significant contacts with the activities giving rise to Easy Spirit's claims and is not Easy Spirit's "home forum." *See id.*; *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076-77 (9th Cir. 2015). Instead, it was based on forum-shopping reasons, namely, suing DBS Bank in the one state where it has a representative office in the United States, notwithstanding the fact that the Los Angeles representative office did not issue the LC and California has no nexus to this dispute. *Ayco Farms*, 862 F.3d at 950. In cases such as this, where the only connection between the plaintiff and the forum state is "filing this lawsuit and selling to customers in California," the Court is within its discretion to review Easy Spirit's choice of forum "with skepticism." *Id.*

### C.    The Private Interest Factors Support the Hong Kong Forum

FNC dismissal is appropriate here because the private interest factors "strongly favor" the Hong Kong forum. *Id.*

**The residence of the parties and the witnesses.**  This factor weighs in favor of the Hong Kong forum.  No relevant evidence or witnesses are located in California, and the great preponderance of relevant evidence and witnesses are located in Hong Kong.  Dkt. 1, Ex. A at 11-12.  While Easy Spirit is incorporated in Delaware and has its principal place of business in Connecticut, its location on the East Coast of the United States does not make *California* a more appropriate venue for this action.  Dkt. 1 ¶ 1.

**The forum's convenience to the litigants.**  This factor weighs in favor of the Hong Kong forum.  Hong Kong is more convenient for DBS Bank, because all of the relevant witnesses and documents are located in Hong Kong.  Dkt. 1, Ex. A at 11-12.  While Easy Spirit will likely argue that the Central District of California is more convenient forum because it is located in the United States, Easy Spirit does not reside in California or have any witnesses or documents relevant to this matter in California.  Dkt. 1 ¶ 1.

**Access to physical evidence and other sources of proof.**  This factor weighs in favor of the Hong Kong forum.  Under Article 14(a) of the UCP, the primary (if not exclusive) sources of proof for this matter will be the documents comprising the presentations.  *See* UCP, Art. 14(a) ("A nominated bank acting on its nomination, a confirming bank, if any, and the issuing bank must examine a presentation to determine, on the basis of the documents alone, whether or not the documents appear on their face to constitute a complying presentation.").  Those documents were submitted to the Hong Kong branch and assessed by DBS Bank in Hong Kong.  See Dkt. 1, Ex. A at 12.  In contrast to Hong Kong, no relevant physical evidence is located in California.  *See id.*

**Whether unwilling witnesses can be compelled to testify.**  This factor weighs in favor of the Hong Kong forum.  Pursuant to Fed R. Civ. P. 45(c), the Court's subpoena power only extends 100 miles from Los Angeles for non-party witnesses and within the state of California for parties and their officers.  As

-9-
MOTION TO DISMISS

explained above, all witnesses with percipient knowledge of this matter are beyond the subpoena power of the Court.  In contrast, all DBS Bank employees with percipient knowledge can be compelled to testify in Hong Kong, if the Hong Kong court deems such testimony necessary.  Yau Decl. ¶ 6.

**The cost of bringing witnesses to trial.**  This factor weighs in favor of the Hong Kong forum.  Assuming party witnesses are willing to appear voluntarily, conducting a trial in the Central District of California will impose disproportionate economic costs on *both parties*.  DBS Bank might find it necessary to send its employees half-way around the world from Hong Kong, and Easy Spirit might find it necessary to send its employees across the country from Connecticut.  Because Easy Spirit is not a resident of California, it will be forced to incur travel expenses regardless of whether the case proceeds in Los Angeles or Hong Kong.  Allowing the case to proceed in Hong Kong is the only avenue that will meaningfully limit costs, because the Hong Kong branch of DBS Bank is located there.

**The enforceability of the judgment.**  This factor is neutral.  Any judgment based on the LC could be enforced in either Hong Kong or Los Angeles because DBS Bank has branches/representative offices in both locations.  If the Court grants the motion to dismiss under the FNC doctrine, DBS Bank agrees to submit to the jurisdiction of the Hong Kong courts and satisfy any resulting final judgment, in the event such a judgment is awarded.

**Other practical problems that make trial of a case easy, expeditious, and inexpensive.**  This factor weighs in favor of the Hong Kong forum.  This LC dispute centers on an LC issued by the Hong Kong branch and subject to Hong Kong law.  All relevant documents and witnesses are located in Hong Kong. As described above, conducting the trial in California would be expensive for Easy Spirit and DBS Bank as travel would be required for both parties.

      **D.**     **The Public Interest Factors Support the Hong Kong Forum**

FNC dismissal is also appropriate here because the public interest factors

-10-
MOTION TO DISMISS

"strongly favor" the Hong Kong forum. *Ayco Farms*, 862 F.3d at 950.

**Local interest in the lawsuit.** This factor weighs in favor of a Hong Kong forum. California has no local interest in this lawsuit. No relevant evidence, documents, or witnesses are located in California, and Easy Spirit is not a resident of California. The DBS Bank representative office in Los Angeles had no connection to that activities forming the basis of Easy Spirit's suit. As explained above, a Hong Kong branch of DBS Bank issued the LC, the LC required presentation to the Hong Kong branch, and payment was to be made by the Hong Kong branch (if appropriate). Dkt. 1, Ex. A at 11-12.

**Familiarity with governing law.** This factor weighs in favor of a Hong Kong forum. The proper forum for litigating this dispute is the location of the bank branch that issued the LC—*i.e.*, Hong Kong. The fact that DBS Bank has a Los Angeles representative office that did *not* issue the LC and was *not* a confirming bank does not make California law the governing law, or California courts the appropriate forum, to sue for enforcement of an LC issued by the Hong Kong branch. *See* Cal. UCC § 5-116(b) (choice of law rule for letters of credit providing that "all branches of a bank are considered separate juridical entities and a bank is considered to be located at the place where its relevant branch is considered to be located under this subsection"). Even prior to enactment of UCC 5-116(b), this Court would have been bound to apply Hong Kong law under a "conflict of laws analysis" because Hong Kong "was the sole place of performance of the letter of credit." *See Chuidian v. Philippine Nat'l Bank*, 976 F.2d 561, 565 (9th Cir. 1992) (concluding that Philippine law applied to letter of credit issued by Philippine bank despite the fact that the bank had a Los Angeles branch).

While the letter of credit is governed by the UPC, the Court is bound to apply the UPC as interpreted by the Hong Kong courts. Obviously Hong Kong courts are in the best position to apply their own law. For example, Hong Kong courts addressing letters of credit have adopted "the principle of strict compliance (ie the

presented documents must comply strictly with the LC requirements),” meaning that DBS Bank “is entitled to reject a document where it raises on its face some uncertainty that cannot be readily resolved.” *See* Yau Decl., ¶ 9 (quoting *So Sau Lai Connie t/a Wing Fung Trading Co. v. DBS Bank (Hong Kong) Ltd.*, [2017] HKCU 82, ¶ 56). Under this “strict compliance” standard, “[o]nly insignificant/trivial differences (eg obvious typographical errors) are not regarded as ***discrepancies***.” *Id.* (emphasis in original).

The Hong Kong courts have rejected the argument that there are “degrees of seriousness for ***discrepancies***,” ruling that if any documents comprising the presentation are “discrepant for whatever valid reason,” then DBS Bank “had to reject the Presented Documents under the principle of strict compliance,” and “it mattered not whether the discrepant feature was more or less serious.” *Id.*, ¶ 10 (emphasis in original) (quoting *So Sau Lai Connie t/a Wing Fung Trading Co.*, [2017] HKCU 82, ¶ 134). Thus, under the “strict compliance” standard applied by the Hong Kong courts, “one true ***discrepancy*** would have justified rejection of the Presented Documents.” *Id.* (emphasis in original) (quoting *So Sau Lai Connie t/a Wing Fung Trading Co.*, [2017] HKCU 82, ¶ 174). There is simply no reason for the Court to resolve disputes regarding Hong Kong law when the Hong Kong courts are in the best position to do so.

**Burden on local courts and juries.** This factor weighs in favor of a Hong Kong forum. California has no local interest in this dispute, and the utterly tangential relationship of this dispute to California makes the imposition of the burden of this case on California jurors, courts, and taxpayers inappropriate.

**Amount of court congestion.** This factor weighs in favor of a Hong Kong forum. In considering court congestion, “[t]he real issue is not whether a dismissal will reduce a court’s congestion but whether a trial may well be speedier in another court because of its less crowded docket.” *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984). It has been recognized for many years that the Central

-12-

District of California "is one of the busiest districts in the country." *Gambra v. Int'l Lease Fin. Corp.*, 377 F. Supp. 2d 810, 824 (C.D. Cal. 2005). In 2003, the median time from filing a civil case until trial was 21.2 months. *Id.* That number has been largely consistent over the years. In 2014, 2015, 2016, 2017, and 2018, the median time was 21.3, 19.8, 19.8, 20.0, 20.0, and 22.0 months, respectively, meaning civil litigants in this district often wait more than 660 days until trial. Shelton Decl. ¶ 2. In contrast, the average waiting time for civil cases before the Court of First Instance in Hong Kong, measured from application to fix date to hearing, was only 163 days in 2017 and 168 days in 2018. Yau Declaration ¶ 12. This case will likely be adjudicated more quickly and by a court with greater familiarity with the governing law, if the case proceeds in Hong Kong.

**Costs of resolving a dispute unrelated to the forum.** This factor weighs in favor of a Hong Kong forum. The Central District of California has no reason to incur the burden and expense of resolving a dispute that is completely unrelated to California. *See Royal Bank of Canada v. Hang Lung Bank Ltd.*, No. 90 Civ. 5997 (TPG), 1991 WL 198664, at *3 (S.D.N.Y. Sept. 25, 1991) (noting that "there is no legitimate purpose in placing this foreign-based action on the calendar of the federal court in New York" and "Hong Kong has a great interest in applying its laws" to conduct "within its borders"), *aff'd*, 962 F.2d 1 (2d Cir. 1992).

**Local Interest.** This factor weighs in favor of a Hong Kong forum. Hong Kong has an overwhelmingly greater local interest in resolving disputes regarding letters of credit issued by bank branches within Hong Kong. *See Yung v. Lee*, No. 00 CIV.3965 DAB, 2002 WL 31008970, at *2 (S.D.N.Y. Sept. 5, 2002) ("While this Court agrees that the allegedly fraudulent SEC filing by ITNG has potential domestic impact, that impact is dwarfed by the vast majority of conduct in and impact upon China."). The relevant documents and witnesses are located in Hong Kong. None of them are located in California. And the focus of the UCP on discrepancies in the submitted documents rather than the underlying commercial

transactions makes any purported evidence in the United States generally, and California in particular, irrelevant. *See* UCP, Art. 4(a), 14(a), 16(a); *see also S. China Cosmetics*, 2013 WL 25925, at *5 (finding that New York evidence, "far from being central, would have limited relevance as to the nature of the two alleged [contracts concluded in Hong Kong] and the circumstances of their breach").

**E.     As a Condition of Dismissal, DBS Bank Agrees to Submit to the Jurisdiction of the Hong Kong Courts**

As a condition of FNC dismissal, DBS Bank consents to (1) enter an appearance, (2) submit to the jurisdiction of the Hong Kong courts, and (3) satisfy any final judgment rendered against it by the Hong Kong courts.

**II.     IN THE STRICT ALTERNATIVE, THE COURT SHOULD DISMISS THE SECOND CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

A claim is subject to dismissal under Fed R. Civ. P. 12(b)(6) if Easy Spirit either fails to plead a "cognizable legal theory" or fails to plead "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). If the Court does not grant dismissal of the complaint under the FNC doctrine, DBS Bank alternatively seeks dismissal of the second count, which asserts an implied covenant claim, because California law does not apply to this dispute and this claim is incompatible with governing UCP and Hong Kong law.

**A.     The Court Should Dismiss the Implied Covenant Claim because it is Incompatible with the UCP and Hong Kong Law**

As explained above, the LC at issue is governed by the UCP as interpreted by the Hong Kong courts. However, the second count of the complaint asserts an implied covenant claim without identifying the law allegedly governing that claim.

Under California law, "[t]he implied promise [of good faith and fair dealing] requires each contracting party to refrain from doing anything to injure the right of

-14-
MOTION TO DISMISS

the other to receive the benefits of the agreement." *Avidity Partners, LLC v. State of Cal.*, 221 Cal. App. 4th 1180, 1204 (2013) (quoting *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 818 (1979)). "The covenant 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'" *Agosta v. Astor*, 120 Cal.App.4th 596, 607 (2004) (quoting *Guz v. Bechtel Nat'l Inc.*, 24 Cal.4th 317, 349-50 (2000)). "Moreover, although the implied covenant particularly applies when a party has discretionary power affecting rights of another party, 'the implied covenant does not trump an agreement's express language.'" *Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1143 (E.D. Cal. 2013) (quoting *Steiner v. Thexton*, 48 Cal.4th 411, 419-20 (2010)).

This Court may take judicial notice of foreign court decisions and foreign law under Fed. R. Civ. P. 44.1, and may consider declarations regarding the substance of foreign law, when ruling on a motion to dismiss. Hong Kong law does not recognize the equivalent of an implied covenant claim in connection with letter of credit disputes. Yau Decl. ¶ 11. On the contrary, Hong Kong courts interpreting and applying the UCP have adopted a "strict compliance" standard that is incompatible with the implied covenant claim asserted by Easy Spirit, as explained above. *Id.* at ¶¶ 9-11. The Court should dismiss the implied covenant claim because it does not allege a plausible claim under the UCP as interpreted by the Hong Kong courts.

**B.     The Court Should Dismiss the Implied Covenant Claim because it is Duplicative of the Breach of Contract Claim**

To the extent Easy Spirit argues that its contract claim and implied covenant claim are based on the same facts, and that the implied covenant claim does not invoke any "discretionary power" that DBS Bank allegedly did not exercise in good faith, the implied covenant claim should be dismissed as duplicative of the contract claim. *Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 725 (N.D. Cal. 2014) (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990))

("When the allegations of a claim for breach of the implied covenant 'do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.'"); *see also Bionghi v. Metro. Water Dist.* of S. Cal., 70 Cal. App. 4th 1358, 1370 (1999) (affirming dismissal of implied covenant claim as duplicative of breach of contract claim).

**III.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1 THROUGH 4 IN SUPPORT OF THIS MOTION**

DBS Bank respectfully requests that the Court take judicial notice of Exhibits 1-3 of the Yau Declaration and Exhibit 4 of the Shelton Declaration. Exhibit 1 is the UCP, Exhibit 2 is a Hong Kong case titled *So Sau Lai Connie t/a Wing Fung Trading Co. v. DBS Bank (Hong Kong) Ltd.*, [2017] HKCU 82, Exhibit 3 is statistical caseload information from the Hong Kong Judiciary Annual Report 2018, and Exhibit 4 is statistical caseload information from the U.S. District Court—Judicial Caseload Profile 2019. Exhibits 3 and 4 are posted on the websites of the Hong Kong Judiciary and U.S. Courts, respectively. This Court "may take judicial notice of public records of governmental entities and authoritative sources of foreign law, including information posted on government websites . . . ." *In re Ex Parte Application of Jommi*, No. C 13-80212 CRB (EDL), 2013 WL 6058201, *1 n.1 (N.D. Cal. Nov. 15, 2013).

**CONCLUSION**

DBS Bank respectfully requests that the Court dismiss Easy Spirit's complaint without prejudice pursuant to the FNC doctrine, subject to DBS Bank's agreement to (1) enter an appearance, (2) submit to the jurisdiction of the Hong Kong courts, and (3) satisfy any final judgment rendered against it by the Hong Kong courts. In the strict alternative, DBS Bank seeks dismissal of the implied covenant claim because it is either incompatible with the UCP and Hong Kong law,

or duplicative of the breach of contract claim.

DATED:   October 24, 2019          EVERSHEDS SUTHERLAND (US) LLP


                                          By */s/ Ian S. Shelton*
                                             Ian S. Shelton

                                             Attorney for Defendant DBS Bank Ltd.

MOTION TO DISMISS