EVERSHEDS SUTHERLAND (US) LLP
Ian S. Shelton (CA Bar No. 264863)
(ianshelton@eversheds-sutherland.com)
500 Capitol Mall, Suite 2350
Sacramento, CA 95814
Telephone:  (916) 844-2965
Facsimile:  (916) 241-0501

Attorney for Defendant DBS Bank Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EASY SPIRIT LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DBS BANK LTD., and DOES 1 to 10,<br><br>Defendants. | NO. 2:19–cv–07290 GW (AFMx)<br><br>The Honorable George H. Wu<br><br>**DECLARATION OF MICHAEL YIU HONG YAU IN SUPPORT OF DEFENDANT DBS BANK LTD.'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO THE *FORUM NON CONVENIENS* DOCTRINE AND RULE 12(B)(6)**<br><br>Hearing Date:     November 25. 2019<br>Hearing Time:     8:30 a.m.<br><br>Courtroom:   9D<br>Address:         U.S. Courthouse<br>                      350 W. First Street<br>                      Los Angeles. CA 90012 |

DECLARATION OF MICHAEL YIU HONG YAU

## DECLARATION OF MICHAEL YIU HONG YAU

I, Michael Yiu Hong YAU, declare as follows:

1.     I am a solicitor with practicing certificate eligible to practice before the Hong Kong courts.  I am partner at the Hong Kong registered law firm of Eversheds Sutherland.  I have personal knowledge of the facts contained herein, and if called upon to testify I could and would testify competently as to the truth of the facts stated herein.  I make this declaration in support of DBS Bank Ltd.'s Notice of Motion and Motion to Dismiss the Complaint Pursuant to the *Forum Non Conveniens* Doctrine and Rule 12(b)(6) ("Motion").

2.     I am the Asia Head of the Banking & Finance practice at Eversheds Sutherland.  I have experience with a broad range of banking and finance matters, including documentary credits, standby letters of credit, trade financing, receivables and supply chain financing and various general banking matters.

3.     I have represented various banks in banking and letters of credit disputes, asset recovery, debt restructuring, receivership and liquidation.  I worked with many local and international banks on a diverse range of China-related finance matters, including cross-border lending and taking security, onshore and offshore collaboration financing structures and related foreign exchange control compliance.

4.     I have reviewed the complaint filed against DBS Bank in the matter of *Easy Spirit LLC v. DBS Bank Ltd.*, Case No. 2:19-cv-07290, Dkt. 1 (C.D. Cal. Aug. 22, 2019), which is currently pending in the Central District of California.  I am familiar with the allegations of the complaint and the arguments raised by DBS Bank in its Motion, which argues that Hong Kong is the more appropriate forum to hear this dispute.

5.     This dispute arises from an Irrevocable Standby Letter of Credit ("LC") issued by the Hong Kong branch of DBS Bank.  The LC is expressly subject to the Uniform Customs and Practice for Documentary Credits, 2007 Revision, International Chamber of Commerce Publication No. 600 ("UCP").  A true and

-1-
DECLARATION OF MICHAEL YIU HONG YAU

correct copy of the UCP is attached as **Exhibit 1.**

6. The Hong Kong court system regularly adjudicates commercial disputes regarding letters of credit and has adopted English as an official language for court proceedings. The Hong Kong courts have authority to compel individuals within Hong Kong to provide testimony. Hong Kong law recognizes claims under the UCP to enforce letters of credit, and the damage remedy sought by Easy Spirit is available under Hong Kong law.

7. If Easy Spirit had filed this action in Hong Kong, the Hong Kong courts would apply the UCP as interpreted and applied by the Hong Kong courts.

8. Because DBS Bank has a branch in Hong Kong, it is amenable to process in Hong Kong and is subject to the jurisdiction of the Hong Kong courts.

9. Hong Kong courts addressing letters of credit have adopted "the principle of strict compliance (ie the presented documents must comply strictly with the LC requirements)," meaning that an issuing bank "is entitled to reject a document where it raises on its face some uncertainty that cannot be readily resolved." *So Sau Lai Connie t/a Wing Fung Trading Co. v. DBS Bank (Hong Kong) Ltd.*, [2017] HKCU 82, ¶ 56. Under this "strict compliance" standard, "[o]nly insignificant/trivial differences (eg obvious typographical errors) are not regarded as ***discrepancies***." *Id.* (emphasis in original). A true and correct copy of *So Sau Lai Connie t/a Wing Fung Trading Co. v. DBS Bank (Hong Kong) Ltd.*, [2017] HKCU 82, is attached as **Exhibit 2.**

10. Hong Kong courts have rejected the argument that there are "degrees of seriousness for ***discrepancies***" under the UCP, ruling that if any documents comprising the presentation are "discrepant for whatever valid reason," then the issuing bank "had to reject the Presented Documents under the principle of strict compliance," and "it mattered not whether the discrepant feature was more or less serious." *So Sau Lai Connie t/a Wing Fung Trading Co. v. DBS Bank (Hong Kong) Ltd.*, [2017] HKCU 82, ¶ 134 (emphasis in original). Thus, under the "strict

-2-
DECLARATION OF MICHAEL YIU HONG YAU

compliance" standard applied by the Hong Kong courts, "one true *discrepancy* would have justified rejection of the Presented Documents." *So Sau Lai Connie t/a Wing Fung Trading Co. v. DBS Bank (Hong Kong) Ltd.*, [2017] HKCU 82, ¶ 174 (emphasis in original).

11.   I understand that Easy Spirit has asserted two claims in its complaint— the first cause of action is for breach of contract, and the second cause of action is a claim for breach of the implied covenant of good faith and fair dealing ("implied covenant claim").  I further understand that the breach of contract claim is asserted under the UCP, but the complaint does not identify the law applicable to the implied covenant claim.  Hong Kong law does not recognize the equivalent of an implied covenant claim in connection with letter of credit disputes.  On the contrary, Hong Kong courts interpreting the UCP have adopted a "strict compliance" standard, as explained in paragraphs 9 and 10 above, which is incompatible with the implied covenant claim asserted by Easy Spirit in this case.  To the extent Easy Spirit is relying on the implied covenant claim to alter, modify, or expand DBS Bank's legal obligations under the UCP, Hong Kong law would not recognize such a claim.

12.   The average waiting time for civil cases before the Court of First Instance in Hong Kong, measured from application to fix date to hearing, was 163 days in 2017 and 168 days in 2018.  A true and correct copy of an excerpt from the Hong Kong Judicial Annual Report 2018, which contains this statistical information, is attached as **Exhibit 3**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 24, 2019, at Hong Kong.

_____
Michael Yiu Hong YAU

-3-
DECLARATION OF MICHAEL YIU HONG YAU